O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

RASOUL FASIHRAMANDI,

          Petitioner,

          v.

J.J. JOHNSON, WARDEN, ,[1]

          Respondent.

Case No. 5:26-cv-01209-CAS (DTB)

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge.  No objections to the Report and Recommendation have been filed herein.  The Court concurs with and accepts the findings, conclusions and recommendations of the Magistrate Judge.

---

[1]    The Petition initially named the improper Respondent ("DHS/OPLA").  J.J. Johnson, the Warden at Adelanto ICE Processing Center, where Petitioner is detained (Docket No. 1 at 1), is the proper respondent.  See Rumsfeld v. Padilla, 542 U.S. 426, 432-42 (2004); Doe v. Garland, 109 F.4th 1188, 1197 (9th Cir. 2024); Kisel v. Department of Homeland Security, Case No. 5:25-cv-01762-KK-E, 2025 WL 2845919, at *1 (C.D. Cal. Oct. 6, 2025).

1

IT THEREFORE IS ORDERED that Judgment be entered: (a) Ordering Petitioner's immediate release from custody, subject to his previous conditions of supervision; (b) declaring that Immigration and Customs Enforcement's ("ICE") redetention violated the Due Process Clause of the Fifth Amendment and federal law; and (c) enjoining Respondent and his officers, agents, employees, attorneys and persons acting on his behalf in concert or in participation with him, from:  (i) Redetaining Petitioner without notice and an individualized predetention hearing before a neutral arbiter at which  the government bears the burden of proving that detention is lawful and warranted under the applicable statutes and regulations either because Petitioner has violated a term of his supervision or because his removal from the United States is significantly likely in the reasonably foreseeable future, including that Respondents have procured travel documents for Petitioner and that such documents are in the possession of ICE; and (ii) removing Petitioner to any country without appropriate notice and an opportunity to be heard in accordance with any applicable ICE regulations.

DATED: April 30, 2026 _____

_Christina A. Snyde_____
HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

2